IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUNTRUST BANK | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| 1987 CHEOY LEE 66-FOOT MOTOR YACHT "VOYAGER", Official Number 921583, her engines, tackle, equipment, furniture, accessories, etc., | :    Civil Action No.: 4:06CV00102HEA |
| | : |
| Defendant. | |

## ORDER FOR DEFAULT JUDGMENT AND INTERLOCUTORY SALE

Plaintiff, SunTrust Bank (SunTrust) has filed a Motion For Default Judgment and Interlocutory Sale of the Yacht Voyager, her engines, machinery, tackle, furniture, equipment and supplies, etc.

SunTrust holds a valid First Preferred Ship Mortgage on the Yacht Voyager. SunTrust filed this action on January 23, 2006 to foreclose the First Preferred Mortgage on the Yacht Voyager. The Voyager was arrested by the United States Marshall for the Eastern District of Missouri on January 25, 2006. Notice of the action was published in the St. Louis Post Dispatch on April 6, 2006. To date, though personally notified of the action, both telephonically and by mail, Harold Keading, the owner of the Voyager has not filed a notice of interest in the vessel or an answer to SunTrust's Complaint. The time to file a notice of interest and answer to the Complaint has expired.

Now on the complaint and motion of SunTrust it is hereby

ORDERED that the Yacht Voyager and any and all persons who might have a claim or answer herein are in default;

ORDERED that the Yacht Voyager, Official No. 921583 her engines, machinery, tackles, furniture, equipment and supplies, etc. be sold by the Marshal of this Court;

ORDERED that the Marshal, pursuant to E.D. Mo. L.R. 9-10.03 (B), is directed to give notice of said public sale by advertising the same for four (4) consecutive days in the St. Louis Daily Record; to show in said notice the time and place where said sale will be conducted; to show in said notice that prospective bidders may, on application to the Marshal, and at such times and in such manner as he may direct, board the said Yacht Voyager for the purpose of inspection thereof; to show in said notice that the said sale will be to the highest and best bidder; and that the highest and best bidder will be required to deliver to the Marshal at the time of the said sale, in cash, by certified check or cashier's check, the deposit required by E.D. Mo. L.R. 9-10.03 (B) (2) and the balance thereof to be paid in cash or certified check or cashiers check within three business days of the sale; and it is further

ORDERED that the plaintiff, as the holder of the First Preferred Ship Mortgage on the Voyager, may bid at said public sale, and if plaintiff is the highest and best bidder, it will not be required, unless subsequently ordered by the Court, to pay the purchase price in cash or its equivalent, provided that prior to confirmation of the sale by the Court, it may be required to pay in cash or its equivalent all Court costs, Marshal's fees and expenses, Clerk's fees, taxes and costs of sale to the extent said items have not theretofore been paid; and it is further

ORDERED that the Marshal is hereby authorized to receive advances to maintain and protect the said vessel and to advertise for sale while in the custody of the Court, and to repay such advances out of the proceeds of sale of said vessel; and it is further

ORDRERED that all charges incurred by the Marshall with respect to maintenance and custody of the vessel and the advertisement for sale shall be a Marshal's expense of sale; and it is further

ORDERED that the Marshal bring the proceeds of such sale into the Court, unless Plaintiff is the highest and best bidder, and deposit the same with the Clerk thereof pending the further disposition of this action upon the claim of the plaintiff, and pending final judgment herein.

Dated: 5-12-06

United States District Judge